HON. MARK GOODFRIEND HON. ANDREW R. STOLLER Village Justices, Spring Valley
This is in response to Justice Goodfriend's letter requesting an opinion as to the effect of a specific portion of the language of §160.50 of the Criminal Procedure Law. Such section provides for the return of photographs, fingerprints and like records to those persons in whose favor a criminal action or proceeding was terminated and for the sealing of other records and papers concerning an affected case.
The statute requires the court in which such a termination occurs to enter an order to be served by the clerk of the court upon certain entities designated therein directing them to make such return and perform such sealing. There are two exceptions to the entry of such an order by the court. One of these is relevant to the question raised in Justice Goodfriend's letter.
Such exception is set forth in subdivision 1 of § 160.50
of the Criminal Procedure Law, which reads in part as follows:
 "1. Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of this section, unless another criminal action or proceeding is pending against such persons, * * * the court wherein such criminal action or proceeding was terminated shall enter an order * * *"
Justic Goodfriend asks if the words "unless another criminal action or proceeding is pending against such person" refers to a pending action in the court where such termination occurs or "to a pending action in any court in New York of which this court has knowledge?" Section1.20 of the Criminal Procedure Law entitled "Definitions of terms of general use in this chapter", provides that except where different meanings are expressly specified in subsequent provisions of the Criminal Procedure Law, the terms listed in such section shall have the meanings attributed to them therein. Subdivision 18 of §1.20 of the Criminal Procedure Law defines the term "criminal proceeding" as follows:
 "18. `Criminal proceeding' means any proceeding which (a) constitutes a part of a criminal action or (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action, either of this state or of any other jurisdiction, or involves a criminal investigation."
Since the term "criminal action or proceeding" appearing in §160.50 of the Criminal Procedure Law is not specifically defined therein, we must look to the definition of such term set forth in said § 1.20 of the Criminal Procedure Law. The definition of the term "criminal proceeding" as set forth in subdivision 18 encompasses a pending action in any court "of this state or of any other jurisdiction." It is reasonable to assume that the statute implies that the court have knowledge of such exception.
In view of the above, it is our opinion that an order directing the return of photographs, fingerprints and like records to a person in whose favor a criminal action or proceeding was terminated shall not issue, if the court wherein such termination occurs has knowledge that another criminal action or proceeding is pending against such person in any court of this state or of another jurisdiction.